The Wright Law Firm
By: William Wright
928 N. Main Street
Manahawkin, New Jersey 08050
(609) 759-2500
Attorney ID: 013642008
wright@njlegaladvice.com
Attorney For Plaintiff

| | |
|---|---|
| Jessica Snyder, Christopher Snyder, <br><br> Plaintiffs, <br><br> v. <br><br> Costco Wholesale, John Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> OCEAN COUNTY <br><br> DOCKET NO. <br><br><br> CIVIL ACTION <br><br> COMPLAINT AND JURY DEMAND |

Plaintiff, Jessica Snyder, residing at 32 Stage Coach Ct, Little Egg Harbor NJ, Ocean County by way of complaint against defendants says:

## **COUNT ONE**

1. On April 30, 2023 Plaintiff was a pedestrian properly and lawfully walking on the real property located at 245 Stafford Park Blvd, Stafford Township New Jersey 08050 (hereinafter "the property").

2. At all times material hereto, defendants Costco Wholesale owned, occupied and/or controlled the property.

3. On April 30, 2023, defendants were responsible for the clearing, repair, maintenance and control of the property.

4. At all times material hereto, defendants John Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual

1

identities have yet to be determined) were employees or agents of defendants or other individuals whose scope of employment or contractual responsibilities included clearing, repairing, maintaining, and/or controlling the property.

5. At the aforesaid time and place, a dangerous and hazardous condition existed at the property consisting of liquid on the floor.

6. At the aforesaid time and place, the aforesaid dangerous and hazardous condition caused Plaintiff to fall, sustaining severe and permanent personal injuries, including but not limited to permanent loss of a bodily function and/or permanent disfigurement.  The Plaintiff also incurred and will continue to incur significant medical expenses.

7. At the aforesaid time and place, Plaintiff had been walking on the property in a reasonably foreseeable manner and was exercising due care in so doing.

8. At the aforesaid time and place, the property was negligently and carelessly maintained, thereby creating and/or exposing the dangerous and hazardous condition which caused plaintiff to fall and sustain severe personal injuries, and which was a reasonably foreseeable risk of the dangerous and hazardous condition of the property.

9. At the aforesaid time and place, no signs, barriers, warnings or other safety devices had been placed on the property to advise of the dangerous and hazardous condition or to serve as a precaution against injury, which was a reasonably foreseeable risk of said dangerous and hazardous condition of the property and which caused plaintiff to fall and sustain severe and permanent personal injuries.

10. Defendants had actual and/or constructive notice of the dangerous and hazardous

2

condition of property at the aforesaid time and place, knew or should have known that such a dangerous and hazardous condition created a reasonably foreseeable risk of injury to individuals such as the plaintiff, and had sufficient time to have taken measures to protect against plaintiff's injury.

11. Defendants were under a duty to take reasonable actions to guard the Plaintiff against the aforesaid dangerous and hazardous condition of property, but failed and neglected to act in a reasonable and appropriate manner.

12. The conduct of defendants was negligent, in that they failed to properly inspect, maintain, repair and/or warn of a known dangerous and hazardous condition of property under their control, and were in other ways careless and negligent in the maintenance and control of the aforesaid property.

13. The failure of defendant to properly maintain the property, or to repair and/or warn of the aforesaid hazardous condition of property, created a dangerous condition, which caused plaintiff to suffer severe and permanent injuries.

14. Defendants John Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10 individually and as employees or agents of defendants, or some or any one of them, were careless and negligent in that their acts and/or omissions created a dangerous and hazardous condition of property; allowed the property to be maintained in an unsafe condition; failed to provide proper warnings and/or safeguards to prevent injury; failed to use reasonable care in carrying out their duties to remediate such a dangerous and hazardous condition as existed; and were otherwise negligent.

15. As a direct and proximate result of the acts, omissions, negligence, and carelessness conduct of defendants and John Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10, or some or any one of them, Plaintiff

3

was and will in the future be caused to suffer severe and permanent personal injuries requiring medical treatment; was and will in the future be caused the permanent loss of use of a bodily function and/or permanent disfigurement; was and will in the future be caused to endure great pain and suffering, both physical and mental in nature; was and in the future will be caused to suffer physical disability; was and will in the future be incapacitated from pursuing his usual activities, duties, employment and responsibilities; and was and will in the future be made to suffer lost wages, earnings and other pecuniary loss.

*WHEREFORE*, plaintiff demands judgment against defendants jointly, severally and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, attorneys fees and such other relief as this Court shall deem equitable and just.

## COUNT TWO
## LOSS OF CONSORTIUM

1. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth in full herein.

2. For a period of time following the injuries sustained by plaintiff as aforesaid, Christopher Snyder, plaintiff's spouse, was deprived of plaintiff's services, society and companionship, constituting a loss of consortium.

*WHEREFORE*, plaintiff Jessica Snyder demands judgment against Defendants for damages, including punitive damages, pre and post judgment interest and such other and further relief to which he may be entitled.

## JURY DEMAND

Please take notice that Plaintiffs demand trial by jury on all counts.

4

## DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Rules of Court, William D. Wright, Esquire, is hereby designated as Trial Counsel in this cause.

## CERTIFICATION

Pursuant to Rule 4:5-1 Plaintiff by his attorneys, hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceedings.  Plaintiff is not currently aware of any other parties who should be joined in this action.

## DEMAND FOR UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1, demand is hereby made that the defendant(s) provide answers to the appropriate Uniform Interrogatories appearing in Appendix II of the New Jersey Court Rules.

__S/William D. Wright_____

Date:   03/18/25                            WILLIAM D. WRIGHT, ESQ.

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of William D. Wright, Esq. 712 E. Bay Avenue, #22A, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that

5

occurred on the premises that is the subject of this suit.

2. A copy of the deed, lease agreement and any other contract relating to the occupancy of the premises.

3. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

4. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning the layout of the premises at issue in this case as it appeared on the date of plaintiff's injury as alleged in the complaint.

5. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

6. Copies of any statements by eyewitnesses to the accident.

7. Copies of any and all expert reports on the issue of liability or damages.

8. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

9. Copies of any and all photographs, videotapes, recordings, or any other documentary evidence of the plaintiff and plaintiff's accident whenever recorded since the date of the injury as set forth in the complaint, including, but not limited to, security videotapes of the premises depicting the actual incident.

10. Any and all documents relating to any inspection or investigation performed at the premises.

11.  Any and all safety manuals, posters, educational material (including videos and outlines).

12.  Any and all logs of cleaning and inspection activity for the location in question on the date of palintiff's accident.

6

## DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION

PLEASE TAKE NOTICE that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with R.4:18-1.

## DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES

## AND SUPPLEMENTAL INTERROGATORIES

Please take notice that pursuant to R:4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C. and C(2) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

S1. State the date you first owned or occupied the premises.

S2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

S3.  Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

S4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention.  Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

S5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

S6. State whether there have been any other complaints about the condition of the premises within the last ten (10) years.

S7.  State the date the room in which plaintiff fell was initially constructed.

7

S8.  State each date that any renovation, installation, repair or other work was performed and describe the nature, scope, extent and cost of said work.

S9.  Provide the name and address of any person who claims to have fallen in the room in which plaintiff was injured.

### **DEMAND FOR INSURANCE INFORMATION**

PLEASE TAKE NOTICE that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.


  s/William D. Wright_____
William D. Wright
Attorney for Plaintiff
Date: 03/18/25

8

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-000779-25

**Case Caption:** SNYDER JESSICA  VS COSTCO WHOLESALE

**Case Initiation Date:** 03/18/2025

**Attorney Name:** WILLIAM D WRIGHT

**Firm Name:** THE WRIGHT LAW FIRM

**Address:** 928 N MAIN ST
MANAHAWKIN NJ 08050

**Phone:** 6097592500

**Name of Party:** PLAINTIFF : Snyder, Jessica

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jessica Snyder? NO**

**Are sexual abuse claims alleged by: Christoph Snyder? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/18/2025
Dated

/s/ WILLIAM D WRIGHT
Signed